**Kurt STEVENSON,
Petitioner-Appellant,**

v.

**James W. MATHEWS, Warden, Wisconsin Correctional Camp System, Respondent-Appellee.**

**No. 75–1426.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1975.

Decided Feb. 4, 1976.

**62**

Mark T. Baganz, Milwaukee, Wis., for petitioner-appellant.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before STEVENS, Circuit Justice,* TONE, Circuit Judge, and HOFFMAN, Senior District Judge.**

PER CURIAM.

The appellant, Kurt Stevenson (Petitioner), is appealing from the denial, without an evidentiary hearing, of his petition for habeas corpus.

In the early hours of March 8, 1970, Detective Donald Schnuck of the Milwaukee Police Department obtained a

* Mr. Justice Stevens participated initially as Circuit Judge, and on and after December 19, 1975, as Circuit Justice.

** Senior District Judge Julius J. Hoffman of the United States District Court for the Northern District of Illinois is sitting by designation.

search warrant for the home and premises of Kurt Stevenson. The warrant was issued on the basis of Schnuck's testimony that an unidentified, but reliable,[1] informant had purchased narcotics from Stevenson at his home in the early evening hours of March 7. The transaction had been a "controlled buy"; that is, Detective Schnuck had searched the informant before and after he entered Stevenson's premises. When the informant entered, he had $13 and no heroin; when he came out he had $3 and a tin foil packet containing a white powder which a field test indicated to be heroin.

The search warrant issued, and was executed the same morning. Stevenson was found in the possession of heroin and was arrested on that charge. While he was imprisoned on the possession charge, an information was filed against him for a sale of heroin which occurred on February 12, 1970.

The petitioner was tried on the sale charge, before a jury on November 4 and 5, 1970. He was found guilty and sentenced to seven years' imprisonment. Among the other evidence which was presented to the jury was the in-court identification of the petitioner by the undercover agent who had made the buy on February 12.

After the petitioner had been sentenced on the sale charge, he withdrew his plea of not guilty on the possession charge which stemmed from the search of March 8. He substituted a plea of guilty and on the recommendation of the prosecutor received a sentence of five years to run concurrently with the seven year sentence on the sale charge.

Petitioner is attacking both his convictions. He contends that the March 8 search warrant was obtained on the basis of false testimony in that the so-called "reliable informant" was in fact

one Robert Weber, who had been known to Detective Schnuck for only one week and had never previously supplied the detective with any information, reliable or otherwise.[2] Because the warrant was invalid, he contends, the search was illegal and all evidence stemming from the search should have been suppressed. Thus, his jury conviction on the sale charge would have been invalid because his physical person was obtained by the police as a result of the search, and his physical person was used as evidence on the sale charge since the undercover agent pointed him out as the person from whom he had purchased the heroin. The possession charge (disregarding for the moment petitioner's guilty plea) of course rested entirely on the search, since it was based on petitioner's having been found in possession of heroin when the warrant was executed. Petitioner therefore contends that he is entitled to an evidentiary hearing on the question whether the testimony given by Detective Schnuck was in fact false, thus invalidating the warrant, the search, and the resulting convictions.

### I.

■ We agree with the District Court that the petitioner's physical presence was not suppressible at his trial on the sale charge so as to invalidate the conviction. It is well settled that the illegality of an arrest does not in itself void later proceedings. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Guzman-Flores v. United States Immigration and Naturalization Service*, 496 F.2d 1245 (7th Cir. 1974). And even if we were to accept petitioner's argument that there is a distinction where petitioner's person is not only required to give the trying court jurisdiction, but is also actual physical evidence because the accused is identi-

fied by his appearance,[3] there is not a sufficiently direct connection here between the illegal arrest of petitioner (if it was illegal) and petitioner's appearance in court on an entirely separate charge. A complaint was filed against petitioner on the charge of sale of heroin. Thus, petitioner was subject to arrest. It makes no difference that the petitioner was found in jail rather than somewhere else. It would be useless to require the police, if they find they have improperly arrested someone whom they have proper cause to arrest on another charge, to release the person and then rearrest him.

The situation is quite different from that in *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), where fingerprints taken from a suspect who was detained without probable cause were held to be inadmissible. There, the police were investigating the crime for which the suspect was convicted, and thus the deterrent purposes of the exclusionary rule applied. Here, it was mere happenstance that when the police wanted petitioner on the sale charge, he was found in the jail. *Cf. Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

### II.

■ We also agree with the District Court that plaintiff may not attack his possession conviction on the grounds that his motion to suppress was wrongfully denied, because his conviction was based on his plea of guilty. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Petitioner contends that he is not so barred, because Wisconsin law allows an appeal from the denial of a motion to suppress even over an intervening guilty plea, W.S.A. 971.-31(10) and thus he is entitled to federal habeas corpus review under *Lefkowitz v.*

---

**2.** The record contains an affidavit from Weber in which he states that on March 7, 1970, acting for Detective Schnuck, he went to Stevenson's home and attempted to buy illegal drugs. He states, however, that he was unsuccessful.

**3.** The distinction is questionable in itself, since the issue here is not that the officer saw the defendant at a time when the officer was violating the defendant's Fourth Amendment rights.

*Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). However, as respondent pointed out at oral argument,[4] the Wisconsin statute did not apply to cases pending on its effective date of July 1, 1970, W.S.A. 967.01. Petitioner's case was already pending on that date, although his guilty plea was not made until November. Therefore, petitioner may not attack the denial of the motion to suppress in this habeas corpus proceeding.

### III.

 Plaintiff also contends that his plea of guilty to the charge of possession was not voluntarily made, since it (1) was the result of a "negotiated plea," and (2) was made in ignorance of the possibility that the original search warrant had been issued based on false testimony. The District Court refused to consider this contention, holding that the petitioner had not exhausted his state remedies on the issue. We disagree. Without here detailing all the attempts which the petitioner, acting *pro se* has made to present his claims to the Wisconsin courts, we note that the substance of petitioner's claim has been made to the state courts in that the claim that the search warrant was based on false testimony was made to them. That claim is also the essence of petitioner's claim that his guilty plea was involuntary. He does not claim that all guilty pleas resulting from plea bargains are involuntary, as indeed he could not. *Monsour v. Cady*, 342 F.Supp. 353, 355 (E.D.Wis.), *aff. without published opinion*, 478 F.2d 1405 (7th Cir. 1972). Rather, he claims that the negotiated plea, the denial of the motion to suppress, and the jury conviction on the sale charge were in some way all "merged together" to make his plea involuntary. However, the judge who accepted the petitioner's change of plea examined him carefully to determine whether the petitioner knew that he was admitting guilt and waiving his rights to trial.[5] The Supreme Court in *Tollett, supra,* said:

> "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267, 93 S.Ct. at 1608.

The same principle applies here. The only claim which petitioner has actually made for the involuntariness of his guilty plea is that he misgauged the strength of the prosecution's case against him. This is not sufficient.

The judgment of the District Court is therefore

Affirmed.

---

4. Since petitioner has not had a chance to reply to this argument, we invite him to submit any response he thinks desirable within the next 30 days.

5. Transcript of change of plea and sentencing.