**UNITED STATES of America ex rel. James MOORE, Petitioner-Appellant,**

**v.**

**Michael P. LANE, Respondent-Appellee.**

No. 78–2018.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 7, 1979.

Decided Jan. 8, 1980.[1]

Opinion Jan. 21, 1980.

---

**1.** This appeal was originally decided by unreported order on January 8, 1980. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

James Moore, pro se.

Michael B. Weinstein, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before SWYGERT, CUMMINGS and PELL, Circuit Judges.

PER CURIAM.

James Moore appeals from denial by the district court of his writ of habeas.[2] He alleges that a rape victim's identification of him as her assailant should have been suppressed, since it was initially based on a photograph obtained by the police during an allegedly illegal stop and arrest. The legality of the stop was fully litigated in the Illinois courts. *People v. Moore*, 55 Ill.App.3d 706, 13 Ill.Dec. 499, 371 N.E.2d 194 (3d Dist. 1977). The district court therefore held that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), bars this petition. We agree.

The relevant facts, briefly told, are that there was an armed robbery in Lockport, Illinois on August 26, 1975. The victim described the robber's car, and on September 8 or 12 the police stopped a car matching that description and driven by Moore. Moore was not arrested, but went to the police station to be photographed. Subsequently, on September 18, a woman was raped, and the next day she identified Moore as her assailant from the photograph taken of him on September 8 or 12. He alleges that there was insufficient cause for the stop, and that therefore the photo identification and subsequent in court identification must be suppressed. The Illinois appellate court rejected this argument, on the grounds that there were adequate grounds for the stop.

*Stone v. Powell* established that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

428 U.S. at 494, 96 S.Ct. at 3052. *Stone v. Powell*, on its facts, applies to evidence obtained during an illegal arrest. *Cf. United States ex rel. Placek v. Illinois*, 546 F.2d 1298, 1300 (7th Cir. 1976). Moreover, *Stone v. Powell* applies with equal force to physical evidence and lineup identification. *Swicegood v. Alabama*, 577 F.2d 1322, 1325 (5th Cir. 1978). There is no basis for treating photo identification differently.

Even if *Stone v. Powell* did not apply, and if there were not sufficient cause for the stop, the exclusionary rule would not apply due to the attenuated connection between the stop and the identification. *See Nardone v. United States*, 308 U.S. 338, 341 (1939). *Cf. United States ex rel. Owens v. Twomey*, 508 F.2d 858, 866 (7th Cir. 1974). The stop was made in the course of an investigation wholly unrelated to the rape. Indeed, the photograph was taken before the rape occurred.[3] Application of the exclusionary rule in such circumstances could not have such a deterrent effect as the Supreme Court has recently required. *United States v. Ceccolini*, 435 U.S. 268, 280, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978).

---

2. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

3. Even where a photo obtained during an illegal stop is used in the same investigation, it is not clear that subsequent in court identification must be suppressed. *Compare Baker v. Maryland*, 39 Md.App. 133, 383 A.2d 698 (Md. Special Appeals, 1978) (denying suppression); with *Crews v. United States*, 389 A.2d 277 (D.C.App.1978) (granting suppression), *cert. granted*, 440 U.S. 907, 59 L.Ed.2d 454 (1979).

For the foregoing reasons, the judgment of the district court dismissing Moore's petition is affirmed.