Ben SANDERS, Jr., Petitioner-Appellant,

v.

Thomas R. ISRAEL and Attorney
General of Wisconsin,
Respondents-Appellees.

No. 81–1534.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1983.

Decided Sept. 21, 1983.

Certiorari Denied Feb. 21, 1984.
See 104 S.Ct. 1302.

Randy Tice (Law Student), for petitioner-appellant.

David J. Becker, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondents-appellees.

Before CUDAHY and ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

The petitioner, Ben Sanders, Jr., was convicted in 1973 for the murder of two Milwaukee police officers and was given two consecutive life sentences. He appealed to the Wisconsin Supreme Court, which affirmed both the convictions and the sentences. 69 Wis.2d 242, 230 N.W.2d 845 (1975). Sanders then commenced habeas corpus proceedings in federal court under 28 U.S.C. § 2254. The district court denied Sanders' motion for an evidentiary hearing and entered summary judgment for the respondents. Reviewing the petition under 28 U.S.C. § 2253, we now affirm the district court's denial of the petition.

I

In his habeas petition, Sanders alleged four constitutional errors that, in his view, require issuance of a writ of habeas corpus: (1) material obtained pursuant to an illegal arrest was admitted into evidence at his trial; (2) statements made by the prosecutor during closing arguments violated his right to remain silent; (3) the trial court failed to instruct the jury on his theory of the case; and (4) the Wisconsin presumptive intent jury instruction is unconstitutional in the context of this case.

II

A

Sanders first contends that evidence used at trial was obtained pursuant to an illegal arrest, in violation of the Fourth and Fourteenth Amendments. Because of this constitutional breach, he urges this court to reverse the district court's denial of his petition for habeas relief. We find the claim unpersuasive.

Both Sanders and the respondents discuss at great length the validity of Sanders' arrest. An illegal arrest, however, is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings. *United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); *Stevenson v. Mathews,* 529 F.2d 61, 63 (7th Cir.), *cert. denied,* 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976). Sanders, however, contends that evidence obtained pursuant to an illegal arrest should have been excluded from his trial. This claim is governed by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). There, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494, 96 S.Ct. at 3052. *See also United States ex rel. Moore*

*v. Lane,* 612 F.2d 1046, 1047 (7th Cir.1980) (per curiam); *United States ex rel. Faulisi v. Pinkney,* 611 F.2d 176, 178 (7th Cir.1979) (per curiam); *United States ex rel. Placek v. State of Illinois,* 546 F.2d 1298, 1300 (7th Cir.1976).

In the instant case, Sanders moved to suppress the evidence at a pretrial evidentiary hearing and later urged the Wisconsin Supreme Court to reverse his conviction because this evidence had been used. In a full opinion, the Wisconsin Supreme Court held that the items were properly seized and admitted. 69 Wis.2d at 260, 230 N.W.2d at 855. Sanders does not object to the state court procedures. Rather he insists that both the trial court and the Wisconsin Supreme Court erred in their interpretation of the Fourth Amendment. It is precisely this type of reconsideration that *Stone v. Powell* precludes. *See United States ex rel. Petillo v. State of New Jersey,* 562 F.2d 903, 906 (3d Cir.1977); *Holmberg v. Parratt,* 548 F.2d 745, 746 (8th Cir.), *cert. denied,* 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). *See also Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982); *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

### B

Sanders' second argument is that he received an unfair trial because of prejudicial remarks made by the prosecutor during closing arguments. These remarks referred to the defendant's failure to call witnesses to testify as to who, other than Sanders, might own certain shells admitted into evidence. Sanders contends that these statements violated his Fifth Amendment right to remain silent since the jury may have inferred from these remarks that he was guilty because he did not testify and that he had the burden of proving his innocence.

█ Defense counsel neither objected to the remarks now in issue [1] nor moved for a mistrial, as required under Wisconsin law to preserve this issue for appeal. *Sanders v. State,* 69 Wis.2d at 262–63, 230 N.W.2d at 857; *Hansen v. State,* 64 Wis.2d 541, 552, 219 N.W.2d 246, 251 (1974); *Sheldon v. Singer,* 61 Wis.2d 443, 450, 213 N.W.2d 5, 9 (1973); *Wright v. State,* 46 Wis.2d 75, 90–91, 175 N.W.2d 646, 654 (1970); *Jandrt v. State,* 43 Wis.2d 497, 504, 168 N.W.2d 602, 606 (1969); *State v. Ruud,* 41 Wis.2d 720, 727, 165 N.W.2d 153, 157 (1969); *Price v. State,* 37 Wis.2d 117, 134–35, 154 N.W.2d 222, 230–31 (1967); *State v. Christopherson,* 36 Wis.2d 574, 582–83, 153 N.W.2d 631, 636 (1967). The Wisconsin Supreme Court refused to consider Sanders' claim because of this procedural default. *Sanders v. State,* 69 Wis.2d at 263, 230 N.W.2d at 857. Sanders' failure to comply with this procedural rule will also bar federal habeas review of his constitutional claim unless he can show both a reason for not complying with the rule and actual prejudice as a result of the prosecutor's comments. *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

Sanders provides two explanations for his failure to move for a mistrial. First, he states that his trial strategy was not to move for a mistrial in the hope that he would be acquitted on the basis of the jury's knowledge that a key state eyewitness had committed perjury. Trial strategy, however, is not a valid reason for considering in federal habeas corpus proceedings a claim not properly preserved in the state court proceedings. *See Wainwright v. Sykes,* 433 U.S. at 89, 91 n. 14, 97 S.Ct. at 2507, 2508 n. 14. Second, Sanders' trial lawyer has submitted an affidavit in which he avers that at the time of Sanders' trial a motion for mistrial was not necessary to preserve this issue for appeal. The long list of authority cited in the paragraph immediately above—including five cases decided prior to Sanders' trial—proves this point wrong. Because Sanders has not shown an

---

1. Defense counsel did object to other remarks made by the prosecutor during closing arguments, but the prejudicial impact of these statements was not raised in Sanders' habeas petition.

adequate reason for failing to comply with Wisconsin's procedural rules, *Engle* and *Wainwright* bar review of his claim by this court.

### C

Sanders' third claim is that he was denied a fair trial because the trial judge refused to instruct the jury on the defense's theory of the case. The instruction rejected by the court read as follows:

> You are instructed that it is the theory of this case that another person or persons committed the offenses charged in the information. If the facts adduced in support of the defendant's theory create in your mind a reasonable doubt of his guilt, then you must find the defendant not guilty of the charge.

■ While a defendant "is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him ...," *United States ex rel. Peery v. Sielaff,* 615 F.2d 402, 403 (7th Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 794 (1980), failure to give such an instruction will not alone mandate the issuance of a writ of habeas corpus to a state prisoner. The omission of the instruction must " 'so infect[ ] the entire trial that the resulting conviction violates due process,' " *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)), before a writ will issue.

■ Here, the court's omission did not infect the entire trial. In fact, the court essentially gave the instruction requested. The jurors were told that they could convict Sanders only if they found that he "did commit the acts of shooting which caused the deaths" of the two police officers. In addition, the court gave the following "reasonable doubt" instruction:

> If you are satisfied beyond a reasonable doubt ... that the Defendant did commit the acts of shooting ..., then it is your duty to find the Defendant guilty .... If, however, you are not so satisfied in either of the two crimes charged, then

you must find the Defendant not guilty ....

We find no error of constitutional magnitude in the trial court's failure to give the requested instruction.

### D

■ Sanders' final argument is that the Wisconsin presumptive intent jury instruction is unconstitutional as applied in this case. The instruction, as given at his trial, reads as follows:

> When there are no facts or circumstances to prevent or rebut the presumption, the law presumes that a reasonable person intends all of the natural, probable, and usual consequences of his deliberate acts. If one person assaults another violently with a dangerous weapon likely to kill, and the person or persons thus assaulted die therefrom, then when there are no facts or circumstances to prevent or rebut the presumption, the legal and natural presumption is that the death or deaths were intended.

We expressly upheld the constitutionality of the first sentence ("Part I") of this instruction in *Pigee v. Israel,* 670 F.2d 690 (7th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 103, 74 L.Ed.2d 93 (1982). *See also Muench v. Israel,* 715 F.2d 1124 at 1130 (7th Cir.1983); *Lampkins v. Gagnon,* 710 F.2d 374 (7th Cir.1983); *Ford v. Israel,* 701 F.2d 689 (7th Cir.1983). In *Ford,* we upheld the entire instruction, though we did so without explicitly considering the argument that the second sentence ("Part II") of the instruction is constitutionally defective. We now explicitly consider and reject this argument.

Our primary reason for upholding the constitutionality of Part I was the following language of the instruction: "When there are no circumstances to prevent or rebut the presumption ...." We held that this language created a permissive rather than a mandatory presumption. *Pigee,* 670 F.2d at 694. That is, the presumptive intent instruction "allows, but does not require, the jury to infer the elemental fact [of intent]

once convinced of the basic facts, but places no burden of any kind on the defendant." *Id.* at 693. *See also County Court of Ulster County v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). Because the presumption raised by the instruction was permissive, we found the instruction constitutional on its face. *Id.* at 694. This same language appears in Part II of the instruction. Consequently, we now hold explicitly that Part II also passes constitutional muster on its face.

The fact that Part II uses the phrase "natural consequences" rather than "natural, probable, and usual consequences"—the phrasing of Part I—is of little import. In *Pigee,* we did note a distinction between Part I of the Wisconsin instruction and the instruction found unconstitutional in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), which used the phrase "ordinary consequences," but we wrote that this distinction was "of minor significance . . . ." *Pigee,* 670 F.2d at 694. The difference in phrasing between Part I and Part II of the instruction is also "of minor significance." Each phrase adequately conveys the message that the consequences of the defendant's acts cannot be unusual, unexpected, or out of the ordinary.

Sanders also attempts to distinguish his case from *Pigee* on the facts. He asserts that the instruction in *Pigee* was constitutional only because "[t]he instructions, viewed as a *whole,* emphasized that the state must prove all elements of the crime beyond a reasonable doubt." *Id.* at 695 (emphasis added). Because the instructions in this case are not precisely the same as those given in *Pigee,* Sanders concludes that the presumptive intent instruction was unconstitutional as used against him.

Sanders has misinterpreted the reasoning of this court in *Pigee.* As noted above, in *Pigee,* we upheld Wisconsin's presumptive intent instruction on its face. We turned to the other instructions only to show that the instructions, when viewed as a whole, were constitutionally adequate even given the remote possibility that the jury might view the presumptive intent instruction as creating a mandatory presumption.

In any event, the entirety of the instructions in this case also emphasize that the state must prove all of the elements of the crime. The court instructed the jurors that the "intent to kill" is "an essential element of murder in the first degree . . . ." Further, the court stated that

[w]hile this intent to kill must be found as a fact before you can find the Defendant guilty of murder . . ., it must be found, if found at all, from his acts and words, if any, bearing upon his respective intent as to each crime charged. You cannot look into a man's mind to find out his intent.

The court also urged the jurors to "be very careful and deliberate in weighing the evidence as to each crime charged." Finally, the court explained that the

burden of proving the Defendant guilty of the crime or crimes charged is upon the State of Wisconsin, . . . and before you can render a verdict of guilty . . ., the District Attorney must prove to your satisfaction beyond a reasonable doubt that the Defendant is guilty of each and every element of the respective crimes charged . . . .

Looking at the totality of the court's instructions in this case, we find no constitutional error.

■ Sanders further contends that the presumptive intent instruction is unconstitutional here because of the prejudicial remarks made by the prosecutor during closing arguments. The combination of the prejudicial comments and the presumptive intent instruction, he argues, could have mistakenly shifted the burden of proof to the defendant on the issue of intent. We do not find this to be the case. The trial court's instructions clearly stated that, in order to convict, the jury had to find that Sanders intended to shoot the officers and that the shots fired by Sanders actually caused their deaths. The instructions also informed the jury that the burden of proof was on the state to prove *every* element of the crimes charged beyond a reasonable

doubt. The court's instructions dispelled any inference that the jury might have had that Sanders had to prove a lack of intent.

Finally, Sanders argues that the presumptive intent instruction, as used in this case, operated as a directed verdict on the issue of intent. As noted above, this instruction creates a permissive, and not a mandatory, presumption. *See Pigee,* 670 F.2d at 694. As such, it cannot, and does not, operate as a directed verdict on the issue of intent. The jury was free to accept or reject any presumption raised. *Id.* at 693.

### III

For the foregoing reasons, the district court's denial of Sanders' petition for a writ of habeas corpus is affirmed.