914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas E. JONES, Petitioner-Appellant,
v.
Michael O'LEARY, Respondent-Appellee.
 No. 89-3488.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Sept. 4, 1990.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Thomas E. Jones appeals pro se from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2554. Jones challenges his conviction and sentence on nine grounds. Upon review of the district court's order, we have determined that the district court properly identified and resolved the issues presented on appeal;[1] therefore, we affirm for the reasons stated in the attached district court order.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
 
 ILLINOIS EASTERN DIVISION
 
 4
 United States of America ex rel. Thomas E. Jones,
 
 
 5
 Petitioner,
 
 
 6
 v.
 
 
 7
 Michael O'Leary, Respondent.
 
 
 8
 Sept. 27, 1989.
 
 88 C 7950
 
 9
 MAROVICH, District Judge.
 
 MEMORANDUM OPINION AND ORDER
 
 10
 On November 30, 1981, petitioner was found guilty after a jury trial of murder, robbery and burglary. He was sentenced to an extended term of sixty years.
 
 
 11
 On direct appeal, petitioner raised all the claims which he now raises in his habeas petition. On November 17, 1983, the Illinois appellate court, First District, affirmed the judgment of the circuit court. On April 3, 1984, the Illinois Supreme Court denied the petition for leave to appeal.
 
 
 12
 The court will consider petitioner's November 28, 1988 motion for appointment of counsel to include an amended petition for a writ of habeas corpus alleging all of the claims petitioner had raised on direct appeal. The court will address all nine claims raised therein.
 
 
 13
 Petitioner first raises two claims under the fourth amendment: (1) that he was illegally arrested at home without a warrant and (2) that the police did not have probable cause to arrest him. These issues were argued in his motion to quash arrest before the trial court, and the ruling of the trial court was affirmed on appeal. People v. Thomas & Jones, No. 82-61, pp. 6-7 (1st Dist.Ill.App.Ct., Nov. 17, 1983). Additionally, an illegal arrest, in and of itself, does not justify habeas relief from an otherwise valid conviction. Sanders v. Israel, 717 F.2d 422, 423 (7th Cir.1983), cert. denied, 465 U.S. 1033 (1984). Therefore, petitioner's first two claims must fail.
 
 
 14
 In his third claim, petitioner contends that the state withheld discoverable testimony given by a state's witness at another trial. Although the Illinois appellate court rejected the claim on the merits, it noted that the petitioner was given the name and address of the state's witness prior to trial, but did not take advantage of an opportunity to interview the witness, nor did he attempt to obtain a continuance to do so. The appellate court held that, thereby, petitioner waived his objection for purposes of review. Thomas v. Jones, No. 82-61 at 14. Federal habeas corpus review is precluded when the state appellate court affirms a trial court's decision on the twin grounds of lack of merit in the constitutional claim and of the petitioner's failure, without justification, to comply with a state procedural rule. Farmer v. Prast, 721 F.2d 602, 605 (7th Cir.1983). Hence, this claim must also fail.
 
 
 15
 Petitioner's fourth contention is that he is entitled to a new trial due to the admission of highly prejudicial hearsay testimony at trial. Petitioner did not seek review of this claim in the Illinois Supreme Court. Therefore, those objections are waived unless he can show cause for his default and prejudice from the alleged constitutional infirmities. Nutall v. Greer, 764 F.2d 462 (7th Cir.1985). Petition does not attempt to satisfy this burden and, therefore, this claim must fail as well.
 
 
 16
 Petitioner's fifth claim, that he is entitled to a new trial due to the admission of irrelevant testimony, likewise must fail, since petitioner did not seek review of this claim in the Illinois Supreme Court.
 
 
 17
 Petitioner, in his sixth claim, contends that the prosecutor's use of pre-emptory challenges to exclude blacks from the jury in this case deprived him of his sixth amendment right to a fair and impartial jury. This issue was addressed by the Illinois appellate court prior to Batson v. Kentucky, 476 U.S. 79 (1986). Batson is not discussed in the briefs submitted here. Nevertheless, Teague v. Lane, 109 S.Ct. 1060 (1989), reh'g denied, 109 S.Ct. 1771 (1989), is controlling. In Teague the Supreme Court held that Batson is not retroactive for cases on collateral review. Petitioner's sixth claim, therefore, fails.
 
 
 18
 Petitioner did not seek review of claim seven and eight in the Illinois Supreme Court, and they must fail under Nutall. 764 F.2d at 462. They are petitioner's claims that he is entitled to a new trial because of prosecutorial misconduct and that the trial court erred in admitting fingerprint analysis testimony.
 
 
 19
 Petitioner's final contention is that his sixty-year extended term sentence is excessive. As a general rule, a federal court will not review state sentencing determination that fall within statutory limits. Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir.1984).
 
 
 20
 Furthermore, an Illinois court's interpretation of its own enhancement statute does not entail a constitutional violation remediable by the writ of habeas corpus. Jones v. Thieret, 846 F.2d 457, 460-61 (7th Cir.1988).
 
 
 21
 For all the foregoing reasons, the instant Petition for a Writ of Habeas Corpus is denied.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We note in passing that Allen v. Hardy, 478 U.S. 255, 257-58 (1986), held that Batson v. Kentucky, 476 U.S. 79 (1986), does not apply retroactively for cases on collateral review. Teague v. Lane, 109 S.Ct. 1060, 1067 (1989), merely notes this proposition