12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard POOLE, Petitioner/Appellant,
v.
Salvador GODINEZ, Respondent/Appellee.
 No. 93-1773.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Richard Poole appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He challenges the constitutionality of his 1983 Illinois state conviction for armed robbery on two grounds: he was unlawfully arrested in violation of his Fourth Amendment rights, and his trial counsel rendered ineffective assistance of counsel under the Sixth Amendment by failing to object to the use of a 1971 rape conviction to enhance his sentence under the Illinois habitual criminal statute. We agree with the district court that Poole was not entitled to relief under either the Fourth Amendment, see Stone v. Powell, 428 U.S. 480, 482, 494 (1976); Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir.), cert. denied, 113 S.Ct. 168 (1992), or the Sixth Amendment, see Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984), and therefore affirm its judgment for the reasons stated in the attached order.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 4
 UNITED STATES of America ex rel., Richard Poole, Petitioner,
 
 
 5
 v.
 
 
 6
 Salvador GODINEZ, Respondent.
 
 
 7
 No. 92 C 2953.
 
 MEMORANDUM, OPINION AND ORDER
 
 8
 WAYNE R. ANDERSEN, District Judge.
 
 
 9
 Petitioner Richard Poole brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 (Sec. 2254) as a person in state custody. For the following reasons, the petition is denied.
 
 FACTS
 
 10
 The facts presented at the trial of the petitioner in the Circuit Court of Cook County were summed up by the Illinois Appellate Court in People v. Poole, 520 N.E.2d 1017 (Ill.App. 1st Dist.1988), and are presumed accurate by this court pursuant to Sec. 2254(d). See Smith v. Fairman, 862 F.2d 630, 632 (7th Cir.1988) ( citing Summer v. Mata, 449 U.S. 539, 545-46 (1981)):
 
 
 11
 On March 1, 1983, at approximately 10:15 p.m., Carlene Moldenhauer was approaching her apartment at 671 W. Wrightwood, in a well-lighted area in Chicago, and upon hearing someone walking behind her, she turned around and saw a man, whom she subsequently identified as Poole, pointing a gun at her from approximately one foot away.
 
 
 12
 Poole said, "This is it, give me the money." When Moldenhauer told him that she had none and began screaming, he ordered her to calm down and repeated his demand. Moldenhauer reiterated that she did not have any money, but finally admitted that she had a dollar bill and gave it to him. Poole wanted to enter the building, but Moldenhauer informed him that she had a roommate who was at home. He next demanded her jewelry, but after refusing, she turned and ran up the stairs of the building.
 
 
 13
 The first set of doors, which led into a well-lighted vestibule, was open and she entered, but the second set was locked. Moldenhauer began ringing all the door bells, and as Poole entered the vestibule, she turned around. When he realized what Moldenhauer was doing, Poole fled. Moldenhauer then used her key to enter the second set of doors, ran upstairs to her landlady's apartment, told her what had happened, and immediately thereafter called the police.
 
 
 14
 Within about one minute two officers arrived at the apartment. Moldenhauer described Poole to them as a black man of medium complexion, approximately 30 years of age, about 6'1" or 6'2", about 160-180 pounds, with a full beard and mustache, and who was wearing a navy blue stocking cap, dark pants, and a brownish leather waist-length jacket. She also described the gun Poole had used as a large, silver threaded screw-type weapon.
 
 
 15
 Officers Kern and DeJesus were on patrol when they received a radio report that an armed robbery had just occurred at 671 W. Wrightwood; the report also gave Moldenhauer's description of Poole. Moments later, only several blocks from the scene of the crime, the policemen saw a man driving towards them who fit the robber's description. At that time he was only four feet away from the officers; consequently, they turned on their siren and overhead lights and followed the automobile.
 
 
 16
 Poole was apprehended after a high speed chase during which Officer Kern saw him bend down as if reaching toward the floor. Kern approached Poole's car, and when he asked him for his license, Poole produced a traffic citation. The officer then required Poole to exit the car and gave him a pat-down search, which revealed nothing. Kern then handcuffed Poole and looked beneath the driver's seat of the car, where he found a loaded .38 caliber gun with a silver threaded barrel tip. Poole was brought forthwith to the scene of the robbery, where Moldenhauer identified both Poole and the gun.
 
 
 17
 Petitioner was convicted of armed robbery on December 20, 1983 in the Circuit Court of Cook County, Illinois. He was sentenced as a habitual offender to natural life pursuant to Ill.Rev.Stat. ch. 38, para. 33B-1 (1983). The conviction was affirmed on direct appeal to the Illinois Appellate Court. A petition for leave to appeal, No. 66787, to the Illinois Supreme Court was denied on June 3, 1988. Poole then filed a petition for post-conviction relief in the Circuit Court of Cook County. The petition was dismissed with prejudice and, on appeal, was affirmed. People v. Poole, No. 1-91-1766 (Ill.App. 1st Dist. Sep. 30, 1991) (Rule 23 Order). A petition for leave to appeal, No. 72791, was denied on February 5, 1992.
 
 
 18
 Having exhausted his state remedies pursuant to 28 U.S.C. Sec. 2254(b) and (c), petitioner filed his petition for a writ of habeas corpus pro se in the instant case on May 4, 1992. The petition raises the following claims: 1) that petitioner was unlawfully arrested pursuant to an illegal search and seizure based on lack of probable cause in violation of the Fourth Amendment; 2) that the "show-up" identification of the petitioner by the complainant was highly suggestive; 3) that the trial court improperly admitted proof of petitioners' prior convictions; 4) that the trial judge refused to ask voir dire questions suggested by the petitioner regarding presumption of innocence; 5) (a) that petitioner's 1971 rape conviction was improperly considered by the trial court in imposing a sentence as an habitual offender; (b) that the Illinois habitual offender statute violates the Eighth and Fourteenth Amendments; (c) that the 1980 amendment to the statute was not enacted in conformity with the requirements of the Illinois Constitution and is therefore void; and 6) that he was deprived of his Sixth Amendment right to effective assistance of counsel because trial counsel did not take steps necessary to enable the petitioner to attack the constitutionality of the Illinois Habitual Offender's Act on appeal.
 
 DISCUSSION
 Fourth Amendment Claim
 
 19
 Petitioner contests the state courts' rulings that petitioner's arrest was lawful based on findings of probable cause. This court may not vacate a conviction based on a claim of unlawful arrest. Sanders v. Israel, 717 F.2d 422, 423 (7th Cir.1983) ( citing United States v. Crews, 445 U.S. 463, 474 (1980); Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Stevenson v. Matthews, 529 F.2d 61, 63 (7th Cir.1976)). Petitioner claims that a main component of what constituted probable cause to pull his car aside was a description of a robber by the complainant, that the focus of that description was the height of the robber, and that the police could not have determined petitioner's height while seated in an automobile.[1] Petitioner may not seek federal habeas relief based on a state court ruling regarding probable cause as determined by the court's interpretation of the Fourth Amendment. Sanders, 717 F.2d at 424 (referring to the preclusion of such relief pursuant to Stone v. Powell, 428 U.S. 465 (1976)).
 
 
 20
 In light of the full and fair litigation of petitioner's Fourth Amendment claim for unlawful arrest at the state level, his claim for habeas relief on that issue is denied.
 
 
 21
 "Show-up" Identification
 
 
 22
 Petitioner asserts that he was subject to a "show-up" identification "where [he] was the only suspect in a setting that ... was highly and unnecessarily suggestive," and therefore asserts a violation of his constitutional right to due process.
 
 
 23
 A two-part test is applied to determine the admissibility of identification testimony. First, the defendant must establish that the out-of-court identification procedure used by the police was unduly suggestive. If the defendant meets this burden, the court then considers whether the identification of the defendant, viewed under the totality of the circumstances, was reliable despite any suggestive procedure used. Kubat v. Thieret, 867 F.2d 351, 357 (7th Cir.1989); see Manson v. Brathwaite, 432 U.S. 98, 107-14 (1977).
 
 
 24
 After considering the challenged identification, this court finds that the identification procedures used by the police in this case were not so suggestive as to constitute constitutional error. The identification of the petitioner was made in person at the scene of the crime approximately 30 minutes after the crime was committed. No facts in this case indicate that the procedures utilized by the police could have been handled more carefully.
 
 
 25
 Even if this court were to find that the identification procedures were unduly suggestive, a grant of habeas corpus would still not be warranted, since, under the totality of the circumstances, the identification of the petitioner was reliable. In Neil v. Biggers, the Supreme Court established the factors to be considered when a court evaluates reliability:
 
 
 26
 (1) opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.
 
 
 27
 409 U.S. 188, 199-200 (1972).
 
 
 28
 In determining reliability under the totality of the circumstances, findings of subsidiary facts made by state courts are entitled to a presumption of correctness pursuant to Sec. 2254(d). Sumner v. Mata, 455 U.S. 591, 597 (1982); Montgomery v. Greer, 956 F.2d 677, 680 (7th Cir.1992). The Illinois Appellate Court found, considering the circumstances in this case in light of the above factors in Neil v. Biggers, that the identification of the petitioner was sufficiently reliable. 520 N.E.2d at 1021-22. This court agrees that the victim in this case had a sufficient opportunity to view the criminal at the time of the crime, allowing her to form an impression for reliable identification, that the witness' attention was expressly drawn to her assailant, that her prior description of the criminal was accurate, that the level of certainty demonstrated by the witness was high and that the length of time between the crime and the confrontation was short.
 
 
 29
 On these facts, this court finds that the petitioner was not denied a fair trial by the admission of the challenged identification testimony. Petitioner's claim is therefore denied.
 
 Use of Evidence of Prior Convictions
 
 30
 Petitioner asserts that the admission of evidence concerning prior convictions for robbery and armed robbery had no probative value and deprived him of a fair trial.
 
 
 31
 Errors by a state court in admitting evidence do not violate the Constitution of the United States unless the trial as a whole was so "infected" that the verdict reached is no longer reliable or if the error caused the trial to be fundamentally unfair. Brecht v. Abrahamson, 944 F.2d 1363, 1366 (7th Cir.1991).
 
 
 32
 At trial in this case, the prosecutor and the judge cautioned the jury not to consider admitted evidence of prior convictions except for the purpose of impeaching the petitioner's credibility. Poole, 520 N.E.2d at 1022. The Illinois Appellate Court found that the trial judge was well within his discretion under state law in admitting prior conviction evidence and in cautioning the jury on its proper use. Id. Petitioner has submitted nothing indicating that the admission of evidence concerning prior convictions rendered the trial fundamentally unfair. Petitioner's claim is therefore denied.
 
 Voir Dire
 
 33
 Petitioner contends that the trial judge violated state law as established in People v. Zehr, 469 N.E.2d 1062 (Ill.1984), in failing to ask questions during voir dire submitted by petitioner's attorney regarding the presumption of innocence. In Zehr, the Illinois Supreme Court affirmed an order by the appellate court remanding a case on other grounds and instructing the trial court that on re-trial it should allow questions in voir dire regarding, among other issues, the presumption of innocence in the defendant's favor. Id. On direct appeal in this case, the court noted that in People v. Britz, 493 N.E.2d 575 (Ill.1986), the Illinois Supreme Court ruled that the holding in Zehr applies prospectively only and accordingly held that it was inapplicable to the case at bar.
 
 
 34
 "A federal court may not issue [a] writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). The Illinois Appellate Court found that under state law, as established at the time of trial, the trial judge did not err in his conduct of the voir dire. The appellate court further held that even if the ruling in Zehr was applicable to the this case, no abuse of discretion was evident. The court noted that the petitioner failed to demonstrate any inadequacy of the trial judge's questioning during voir dire, but rather pointed out that the trial judge "discussed Poole's presumption of innocence in his preamble to the venire, and later asked [the potential jurors] to signify if they believe they were able to apply the law fairly in the case before them." 520 N.E.2d at 1020. This court agrees that the trial judge did not act arbitrarily or in a discriminatory fashion. As the petition cites a violation of state law under Zehr, given the appellate court's finding that state law and procedure was satisfied in conducting voir dire, no writ may be issued by this court on petitioner's claim.
 
 Objection to the Sentence
 
 35
 Petitioner raises the following objections to his life sentence under the Illinois Habitual Offenders Act, Ill.Rev.Stat. ch. 38, para 33B-1(c) (1991): 1) that his 1971 rape conviction is not an offense of the type specified in the statute; 2) that the 1980 amendment to the statute was not enacted in conformity with the requirements of the Illinois Constitution; and 3) that the statute violates the Eighth and Fourteenth Amendments to the United States Constitution.
 
 
 36
 The Illinois Appellate Court found that petitioner waived his claim that his 1971 rape conviction was improperly considered at sentencing because it was not raised at trial or at sentencing. 520 N.E.2d at 1022-23. An adequate and independent state court finding of procedural default bars federal habeas corpus review unless the petitioner can show cause for the default and resulting prejudice, or demonstrate that failure to review the claim will result in a fundamental miscarriage of justice. Harris v. Reed, 109 S.Ct. 1038, 1043 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)); see Wainwright v. Sykes, 433 U.S. 72, 81, 87, 97 (1977). Petitioner has failed to show any cause for the default. Further, petitioner has produced no evidence which would show that failure to consider his claim on federal habeas review would constitute a fundamental miscarriage of justice. Accordingly, the claim that the 1971 rape conviction was improperly considered has been procedurally defaulted and cannot be raised in this court.
 
 
 37
 A federal court may only consider a petition for a writ of habeas corpus on the ground that a prisoner is in custody in violation of the Constitution of the United States. Therefore, petitioner's claim that the Illinois Habitual Offenders Act violates the Illinois Constitution is not cognizable here. United States ex rel. Durham v. O'Leary, 685 F.Supp. 1051, 1054 (N.D.Ill.1988) ( citing United States ex rel. Hoover v. Franzen, 669 F.2d 433, 436-37 (7th Cir.1982)); 28 U.S.C. Sec. 2254(a). This court will thus only consider petitioner's federal claims.
 
 
 38
 Petitioner argues that the Illinois Habitual Offenders Act violates the Eighth Amendment's proscription against cruel and unusual punishment. This court has previously held that a natural life sentence without parole under the statute does not violate the Eighth Amendment. Durham, supra, 865 F.Supp. at 1054-1055. Applying guidelines established by the Seventh Circuit in United States v. Sato, 814 F.2d 449, 453 (7th Cir.1987), cert. denied, 108 S.Ct. 294 (1987), and United States v. Kimberlin, 781 F.2d 1247, 1258 (7th Cir.1985), cert. denied, 107 S.Ct. 419 (1986), the Durham court held that:
 
 
 39
 a sentence of life imprisonment without parole under the Illinois Habitual Offenders Act does not constitute cruel and unusual punishment. ... [T]he crimes to which the Act applies ... are extremely violent crimes posing a direct or indirect danger to the life and health of other persons. The Illinois legislature determined that after three such violent felonies, Illinois' interest in protecting its citizens from an individual that the legislature deems incapable of reform outweighs any factors possibly mitigating the blameworthiness of the defendant. We see no principled or mandated reason for denying the legislature the substantial deference presumed appropriate, notably in the context of recidivist offenders.
 
 
 40
 685 F.Supp. at 1055.
 
 
 41
 This court concurs with the holding in Durham and denies petitioners claim that the Illinois Habitual Offenders Act violates the Eighth Amendment.
 
 
 42
 Petitioner further claims, without stating any reasons or specifically indicating any section, that the Illinois Act violates the Fourteenth Amendment. Petitioner has produced no evidence indicating that he was denied equal protection under the law or that his due process rights were denied either procedurally or substantively. Finding no independent basis of a violation of the Fourteenth Amendment, this court denies petitioner's claim.
 
 Ineffective Assistance of Counsel
 
 43
 Petitioner finally asserts that his "trial counsel was neglectful and did not exercise due care in securing all meritorious issues pertaining to the sentence for appellate review and causing those issues to be waived."
 
 
 44
 To establish ineffective assistance of counsel, the petitioner must show that his defense counsel's inaction was so grave as to deprive representation guaranteed by the Sixth Amendment, and that counsel's errors were prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In reviewing assistance of counsel claims, the court must maintain a strong presumption that trial counsel rendered reasonably effective assistance under the totality of the circumstances. United States v. Zylstra, 713 F.2d 1332, 1338 (7th Cir.1982).
 
 
 45
 This court must first consider the prejudice requirement. If no prejudice is evident, the claim cannot stand. Strickland, 466 U.S. at 697. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 46
 Petitioner claims that sentencing issues were not properly preserved for appeal. The appellate court opted to consider petitioner's objections to his sentence in spite of the waiver, however, under the plain error rule, and found them to be meritless. 520 N.E.2d at 1023. The only issue the court did not consider under the plain error rule, petitioner's claim that his 1971 rape conviction was improperly considered due to lack of sufficient competent evidence, was held to be waived because Illinois courts consider such errors to be harmless. People v. Harden, 495 N.E.2d 490, 493 (Ill.1983); People v. Jaffe, 493 N.E.2d 600, 614 (Ill.App.2d Dist.1986). Thus, there is not a reasonable probability that petitioner's sentence would have been reversed on appeal based on the waived claim.
 
 
 47
 Therefore, this court finds that the petitioner has not shown the required prejudice to bring a successful claim for ineffective assistance of counsel under the Sixth Amendment. That claim is accordingly denied.
 
 CONCLUSION
 
 48
 The petition for a writ of habeas corpus is denied. It is so ordered.
 
 
 49
 Dated: Jan. 20, 1993.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 On direct appeal, the court affirmed that the police "had probable cause to arrest Poole, based on an accurate, detailed description of the suspect, his nearness in time and place to the scene of the crime, the fact that Poole did not live in the neighborhood, and his attempted fight." Poole, 520 N.E.2d at 1020